UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ailing Zhang,<br><br>         Plaintiff,<br><br>    v.<br><br>Xiaofeng Lin,<br><br>         Defendant. | No. 2:20-cv-02468-KJM-AC<br><br>ORDER |

Plaintiff Ailing Zhang requests a temporary restraining order (TRO) against defendant Xiaofeng Lin to prevent him from accessing Ms. Zhang's bank account and from "monitoring, spying, placing under surveillance, stalking, or . . . filming" plaintiff. TRO Mot. at 2, ECF No. 5. Ms. Zhang asserts a claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and a state law claim for intentional infliction of emotional distress. *See* Compl. at 2, ECF No. 1; TRO Mem. at 4, ECF No. 5-1. A copy of her request was served on Mr. Lin electronically and by mail, but he has not appeared or filed any response. *See* Proof of Service, ECF No. 6. For the following reasons, **the court denies the request.**

I.    **BACKGROUND**

Ms. Zhang and Mr. Lin are in the process of a divorce. TRO Mem. at 6. When Ms. Zhang still lived with Mr. Lin and his parents, she says he recorded her without her permission. *Id.* She then requested a restraining order from a state court. *Id.* According to Ms. Zhang's

1

1 complaint, the state court did not issue a restraining order because Mr. Lin's parents had the right
2 to "have videos in their own home." *Id.*  In a follow-up family law proceeding, however, the
3 superior court did order that "neither parent with [sic] video record the exchanges." Family Law
4 Findings and Order at 31, ECF No. 5-2.[1]  Ms. Zhang alleges Mr. Lin plans to violate that order.
5 Mem. at 8 (arguing Mr. Lin's past behavior demonstrates a "compulsion to spy").  Related family
6 law proceedings are ongoing. Franck Decl. ¶ 8, ECF No-3.
7     During a deposition in the divorce proceedings, Mr. Lin said he had accessed Ms. Zhang's
8 bank account without her permission, using her password.  Lin Dep. Tr., Ex. A at 20,
9 ECF No. 5-2; Pl. Decl. ¶¶ 2–5, 21, ECF No. 5-2.  Ms. Zhang then contacted her bank and
10 obtained log-in records for the last ninety days.  Bank Screenshots, Ex. C at 36, ECF No. 5-2.
11 Those records confirmed someone else had logged into her account.  *Id.*  The bank also advised
12 her to "immediately change [her] password," which she did.  Pl. Decl. ¶ 6.  She does not allege
13 that Mr. Lin took money from her bank account or that she fears he will do so in the future.
14 Although Ms. Zhang has changed her passwords, she fears Mr. Lin has installed spyware on her
15 cellphone.  Pl. Decl. ¶¶ 21–22, 35.  In support of these fears she cites her own declaration, content
16 from a cyber security company's whitepaper, pictures of a smart TV with an attached camera in
17 Ms. Zhang's parents' home in China, and pictures of cameras in Mr. Lin's parents' home, but she
18 cites no evidence that Mr. Lin has installed spyware or recording devices in her home, on her
19 phone, or in her parents' home in China.  *See* TRO Mem. at 21-29; Pl. Decl. ¶ 33, ECF No.5-2;
20 Lin Photographs, Ex. H at 63–66, ECF No. 5-2, Zhang Photographs, Ex. J at 67–70,
21 ECF. No. 5-2.  To the contrary, Ms. Zhang alleges she had her possessions scanned for
22 surveillance devices and nothing was found.  *See* Pl. Decl. ¶ 20.
23 /////
24 /////

---

[1] The court takes judicial notice of this document.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

## II. LEGAL STANDARD

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

## III. ANALYSIS

A party seeking a TRO must show irreparable harm is likely, not merely possible, to secure injunctive relief. *See All. For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). "The analysis focuses on irreparability," not severity or magnitude, for example. *California v. Azar*, 911 F.3d 558, 581 (9th Cir. 2018). Speculative injury is insufficient; a plaintiff must demonstrate immediate threatened injury and not merely allege it. *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1022 (9th Cir. 2016).

Here, Ms. Zhang's allegations of irreparable harm are speculative; although she is fearful, she has not cited evidence of an imminent harm. She promptly changed her passwords, and no evidence suggests Mr. Lin has logged into her bank account again or could do so if he wanted. *See* Pl. Decl. ¶ 6, 15. Although Ms. Zhang fears Mr. Lin has secretly installed spyware on her computer or has planted recording devices, she has not substantiated that fear with evidence to "demonstrate immediate threatened injury." *Boardman,* 822 F.3d at 1022. She has found no spyware, even after having her devices scanned.

/////

Because Ms. Zhang has not established she would suffer an irreparable harm without a TRO, the court need not consider the other factors listed in *Winter*. *See Hollywood v. Pub. Storage*, No. 18-1822, 2018 U.S. Dist. LEXIS 224708, at *6 (C.D. Cal. Oct. 4, 2018) ("The Court need not address the first, third, and fourth prongs of the *Winter* test, because it is plain that the irreparable injury requirement for injunctive relief is not satisfied here, particularly as to any temporary restraining order relief.").

The court also hesitates to wade into what appears fundamentally to be a domestic dispute that is the subject of ongoing litigation in California court. Federal courts abstain from exercising jurisdiction over state claims if doing so would interfere with ongoing state proceedings. *See San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). A federal court "must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *Id*. at 1092 (citing *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc)). The injunctive relief Ms. Zhang requests here seems likely to satisfy these requirements: (1) state court family law proceedings between Ms. Zhang and Mr. Lin are ongoing; (2) California has an interest in the peaceful and fair resolution of domestic disputes between its residents; (3) nothing suggests Ms. Zhang cannot litigate her federal statutory claims in state court if she were to raise them there; and (4) by entering an injunction against Mr. Lin, this court would step directly into the shoes of the state court overseeing the family law case, if not contradict that state court directly. *See* TRO Mem. at 6 (noting her request for restraining order against her in-laws was denied).

To be clear, the court has not determined at this early stage that it must abstain under *Younger*, but rather only that the "principles of equity, comity, and federalism" underlying the *Younger* doctrine weigh against Ms. Zhang's request for a TRO. *See San Jose Silicon Valley Chamber of Commerce*, 546 F.3d at 1091–93.

4

**IV.     CONCLUSION**

For the above reasons, the court **denies** the motion for a temporary restraining order.

This order resolves ECF No. 5.

IT IS SO ORDERED.

DATED: January 4, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE