UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ailing Zhang,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Xiaofeng Lin,<br><br>　　　　　Defendant. | No. 20-cv-02468-KJM-AC<br><br>ORDER |

Defendant Xiaofeng Lin has moved to dismiss plaintiff Ailing Zhang's complaint for failure to state a claim and lack of jurisdiction. Before the court could rule on the motion to dismiss, Ms. Zhang moved to voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a)(2). For the following reasons, the court dismisses plaintiff's complaint, without prejudice.

/////

/////

/////

/////

/////

1

1    The court distills the following relevant allegations from the complaint.[1]  At the time
2    plaintiff filed her complaint, Ms. Zhang and Mr. Lin were in divorce proceedings.  At one point
3    during these proceedings, Mr. Lin admitted to using Ms. Zhang's bank account without her
4    permission.  Compl. ¶¶ 8–11, ECF No. 1.  Ms. Zhang alleges he did so at least six separate times.
5    *Id.* ¶ 13.  She argues his unauthorized access to her bank accounts reflects a pattern of filming and
6    spying throughout their marriage and subsequent separation.  *Id.* ¶¶ 20, 29, 31–33.  Ms. Zhang
7    also alleges the defendant embedded a camera in her father's smart TV to spy on her and her
8    parents.  *Id.* ¶ 36.

9    Ms. Zhang asserts two claims: (1) unauthorized access of her bank account in violation of
10   18 U.S.C. § 1030(a)(2)(A) and (2) stalking in violation of California Civil Code section 1708.7.
11   *Id.* ¶¶ 6–55.  Ms. Zhang seeks damages and injunctive relief.  *See id.* at 18.  She previously
12   moved for a temporary restraining order, which the court denied.  Order, ECF No. 7.  The
13   defendant moved to dismiss both claims, Mot., ECF No. 10, Ms. Zhang opposed, Opp'n,
14   ECF No. 12, and the court submitted the matter without oral argument.

15   Plaintiff now requests dismissal under Federal Rule of Civil Procedure 41(a)(2).  Under
16   Rule 41(a)(2), an action "may be dismissed at the plaintiff's request" and without consent by all
17   parties only by court order.  In October 2020, this court issued a minute order directing defendant
18   to file any response to plaintiff's motion within two weeks.  Min. Order (Oct. 14, 2020),
19   ECF No. 20.  Defendant's time to respond has now expired, and no response has been filed.

20   "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless
21   a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*,
22   263 F.3d 972, 975 (9th Cir. 2001).  "Case law does not articulate a precise definition of 'legal

---

[1] Ms. Zhang is represented by Herman Franck in this action.  Mr. Franck frequently appears before this court, and this court previously has cautioned him regarding his obligations under Federal Rule of Civil Procedure 11.  Many filings bearing his signature, including the complaint he filed on Ms. Zhang's behalf in this action, are disorganized, difficult to understand, and at times appear to include irrelevant material.  The court again reminds Mr. Franck of his obligations under Rule 11, as well as this District's Local Rules, and the Rules of Professional Conduct of the State Bar of California and notes future such filings may not be treated with such leniency.  *See* Fed. R. Civ. P. 11(b); E.D. Cal. L.R. 180(e); Cal. Rules of Prof. Conduct 1.1.

1  prejudice,' [but] the cases focus on the rights and defenses available to a defendant in future
2  litigation." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).  The court
3  cannot identify any legal prejudice that could arise from dismissing this action, therefore this
4  complaint is **dismissed without prejudice.  The motion to dismiss is mooted.**
5      This order resolves ECF Nos. 10 & 19.
6      IT IS SO ORDERED.
7  DATED: October 29, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE